UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL COOPER, | ) | CASE NO. 1:17 CV 2106 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HONORABLE STEVEN MNUCHIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Nathaniel Cooper filed this action against the United States Secretary of the Treasury Steven Mnuchin. In the Complaint (Doc. # 1), Plaintiff alleges he suggested to the government that they implement electronic fund transfer ("ETF") as a means to pay government debts rather than sending a check through the mail. He contends they implemented an ETF means of payment and he believes he should have received a "value engineering award." He indicates he needs this money to pay his college loans and requests deferment of his loan payments until he receives the value engineering award.

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a

fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

In this case, Plaintiff fails to identify a legal cause of action entitling him to relief and none is apparent on the face of the Complaint.[1] He has not cited a federal statute entitling him to a monetary award. The only possible non-statutory cause of action Plaintiff could be stating would be one arising under *Bivens* for deprivation of property without due process. *Bivens* claims, however, cannot be stated against the United States government or any of its employees acting in their official capacity, *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001), and Plaintiff has not demonstrated he has a protected property interest in receiving the award. *See Howard v. Grinage*, 82 F.3d 1343, 1349 -1353 (6th Cir. 1996)(discussing procedural due process).

### IV. CONCLUSION

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. §

---

[1] The only value engineering award the Court can find is one awarded by the Department of Defense to provide an incentive for government and defense industry partners to improve the value of weapon systems and programs by promoting innovation and creativity. https://www.defense.gov

-2-

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    **IT IS SO ORDERED.**

                                              /s/ Dan Aaron Polster
                                              **DAN AARON POLSTER**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.